## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DEBURGO, on behalf of himself and others similarly situated )<br><br>Plaintiff, )<br><br>vs. )<br><br>GC SERVICES, LP, DLS ENTERPRISES, INC., and GC FINANCIAL CORP., )<br><br>Defendants. ) | **Civil Action No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

### NATURE OF ACTION

1.     This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

### PARTIES

4.     Plaintiff Joseph Deburgo is a natural person who at all relevant times resided in the Commonwealth of Massachusetts, County of Essex, and City of Peabody.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant GC Services, LP ("GC Services") is a limited partnership formed under the laws of Delaware.

7. GC Services's principal office and place of business is at 6330 Gulfton St., Houston, TX 77081-11081.

8. GC Services may be served by and through its registered agent, CT Corporation System, 155 Federal St. #700, Boston, MA 02110.

9. GC Services is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10. Defendant GC Financial Corp. ("GC Financial") is a foreign for-profit corporation and a general partner of GC Services.

11. GC Financial's principal office and place of business is situated at 6330 Gulfton St., Houston, TX 77081.

12. GC Financial may be served by and through its registered agent, CT Corporation System, 155 Federal St. #700, Boston, MA 02110.

13. Defendant DLS Enterprises, Inc. ("DLS"), doing business under the assumed fictitious name GC Services Corp., is a foreign for-profit corporation and a general partner of GC Services.

14. DLS's principal place of business and principal office is situated at 6330 Gulfton St., Houston, TX 77081.

15. DLS may be served by and through its registered agent, CT Corporation System, 155 Federal St. #700, Boston, MA 02110.

16.     Defendants GC Financial and DLS shall be referred to hereafter as the "General Partners."

17.     The General Partners are vicariously liable for the acts of GC Services, the limited partnership, under the Uniform Limited Partnership Act § 403 (amended 1985) and under Delaware partnership law, which provides that "all partners are liable … [j]ointly and severally for everything chargeable to the partnership. . . ."  Del. Code. Ann. tit. 6, § 1515(a).

18.     The General Partners are jointly and severally liable for the acts and omissions of GC Services, from which Plaintiff's claims arise, under relevant case law. *See e.g. Randle v. GC Services, LP*, 25 F. Supp. 2d 849, 851-52 (N.D. Ill. 1998) (finding that the general partners of GC Services—GC Financial and DLS—are vicariously liable for the acts of GC Services under general principles of partnership law and Delaware partnership law); *see also Peters v. AT&T Corp.*, 43 F. Supp. 2d 926, 929 (N.D. Ill. 1999) (same).  Accordingly, GC Services, GC Financial, and DLS are collectively referred to herein as "Defendants."

19.     GC Services's third party debt collection program is within the scope of the limited partnership's business.

20.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendants.

22.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendants, arises from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal student loans ("the Debt").

23.     GC Services uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24.     GC Services is a collection agency that collects delinquent student loans for various creditors.

25.      GC Services engages in a full range of collection services on behalf of its clients, including telephone contact with consumers to negotiate repayment arrangements.

26.     In approximately July 2012, GC Services began placing telephone calls to Plaintiff's personal cellular telephone number, Plaintiff's work cellular telephone number, and Plaintiff's place of employment.

27.     In connection with the collection of the Debt, GC Services placed a call to Plaintiff's personal cellular telephone number on September 20, 2012 at 7:47 P.M., and at such time, left the following voicemail message:

> Hi, this message is for Joseph Deburgo.  Joseph, hi, this is Holly.  Give me
> a call today 877-359-5523.  I can be reached at extension 993932.  Thank
> you.

28.     In connection with the collection of the Debt, GC Services placed a call to Plaintiff's personal cellular telephone number on September 21, 2012 at 9:34 A.M., and at such time, left the following voicemail message:

> Hi. Joseph.  This is Holly.  Give me a call back today at the office 877-359-5523, extension is 993932.

29.     In connection with the collection of the Debt, GC Services placed a call to

Plaintiff's personal cellular telephone number on September 22, 2012 at 10:00 A.M., and

at such time, left the following voicemail message:

> Hey, this is just Holly.  Give me a call today at the office 877-359-5523.  I can be reached at extension 993932 today.  Thank you so much.

30.     In connection with the collection of the Debt, GC Services placed a call to

Plaintiff's personal cellular telephone number on September 24, 2012 at 10:01 A.M., and

at such time, left the following voicemail message:

> Hey, Joseph.  It's Holly.  Give me a call back at the office today, 877-359-5523.  I can be reached at extension 5071.  Thank you.

31.     In connection with the collection of the Debt, GC Services placed a call to

Plaintiff's personal cellular telephone number on September 25, 2012 at 10:51 A.M., and

at such time, left the following voicemail message:

> Hey, Joseph.  It's Holly.  Give me a call back at the office today at 877-359-5523, extension 993932.  Thanks, Joseph.

32.     In connection with the collection of the Debt, GC Services placed a call to

Plaintiff's personal cellular telephone number on September 26, 2012 at 12:35 P.M., and

at such time, left the following voicemail message:

> Hey, Joseph.  This is Holly.  Give me a call back at the office today.  I'm here until 9 P.M. eastern standard time.  The number is 877-359-5523; the extension is 993932.

33.     In connection with the collection of the Debt, GC Services placed a call to

Plaintiff's personal cellular telephone number on October 2, 2012 at 8:09 A.M., and at

such time, left the following voicemail message:

> Good Morning, Joseph.  This is Robert.  Uh, give me a call back as soon
> as you get this message.  Uh, the phone number again is 877-359-5523,
> reference extension 5039.  Thank you.

34.     In connection with the collection of the Debt, GC Services placed a call to

Plaintiff's personal cellular telephone number on October 13, 2012 at 9:03 A.M., and at

such time, left the following voicemail message:

> Good morning, Joseph.  This is Robert.  Uh, I'll be in the office until 11
> o'clock this morning.  I just wanted to give you, uh, one last call.  Um, the
> phone number once again is 877-359-5523, uh, extension 5039.  Thank
> you.

35.     In its September 20, 2012, September 21, 2012, September 22, 2012,

September 24, 2012, September 25, 2012, September 26, 2012, October 2, 2012, and

October 13, 2012 voicemail messages, as well as in preceding messages, GC Services

failed to notify Plaintiff that the communication was from a debt collector.

36.     In its September 20, 2012, September 21, 2012, September 22, 2012,

September 24, 2012, September 25, 2012, September 26, 2012, October 2, 2012, and

October 13, 2012 voicemail messages, as well as in preceding messages, GC Services

failed to disclose its true corporate or business name.

37.     In failing to disclose that the communication was from a debt collector,

and/or in failing to disclose its true corporate or business name, in its September 20,

2012, September 21, 2012, September 22, 2012, September 24, 2012, September 25,

2012, September 26, 2012, October 2, 2012, and October 13, 2012 voicemail messages,

as well as in preceding messages, GC Services failed to meaningfully disclose its identity

to Plaintiff.

38.     Upon information and good faith belief, GC Services trains its employees on how to make telephone calls and leave voice messages pursuant to written guidelines and standardized call patterns.

39.     Upon information and good faith belief, GC Services forbids its employees to disclose their full name or identity in voice messages under certain circumstances.

40.     Upon information and good faith belief, GC Services forbids its employees to disclose that they are debt collectors in voice messages under certain circumstances.

41.     Upon information and good faith belief, as a matter of pattern and practice, GC Services leaves, or causes to be left, voice messages or recordings for alleged debtors using language substantially similar or materially identical to the messages and recordings left for Plaintiff on September 20, 2012, September 21, 2012, September 22, 2012, September 24, 2012, September 25, 2012, September 26, 2012, October 2, 2012, and October 13, 2012, in that the messages fail to identify the caller, fail to inform the debtor that the caller is a debt collector, fail to disclose GC Services's true corporate name, and/or fail to meaningfully disclose GC Services's identity.

42.     Upon information and good-faith belief, GC Services placed the telephone calls to Plaintiff's personal cellular telephone on September 20, 2012, September 21, 2012, September 22, 2012, September 24, 2012, September 25, 2012, September 26, 2012, October 2, 2012, and October 13, 2012 using an automatic telephone dialing system.

43.     Upon information and good-faith belief, GC Services maintains business records that show all calls it placed to Plaintiff's personal cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice.

44.     GC Services did not place any telephone calls to Plaintiff's personal cellular telephone for emergency purposes.

45.     GC Services did not have Plaintiff's express consent to place telephone calls to his personal cellular telephone using an automatic telephone dialing system.

46.      In the alternative, if GC Services did have Plaintiff's express consent to place telephone calls to his personal cellular telephone using an automatic telephone dialing system, Plaintiff revoked that consent on September 28, 2012.

47.     In addition, in connection with the collection of the Debt, GC Services placed multiple calls to the land line at Plaintiff's office and to Plaintiff's work cellular beginning in approximately July 2012, including but not limited to multiple calls to the office on September 28, 2012, a call to the office on October 2, 2012 at 8:15 A.M., and a call to Plaintiff's work cellular telephone on October 2, 2012, at 11:48 A.M.

48.     GC Services placed calls to the land line at Plaintiff's office and to Plaintiff's work cellular telephone even though Plaintiff and his staff expressly told GC Services when they answered calls on September 28, 2012 to cease and desist from placing any and all further calls to those numbers.

49.     GC Services placed calls to the land line at Plaintiff's office and to Plaintiff's work cellular telephone even though Plaintiff advised GC Services by facsimile dated October 2, 2012 that it was contacting a company address and that "GC Services or affiliates may not contact this address by mail or by phone."

50.     Upon information and good faith belief, GC Services placed the telephone calls to Plaintiff's work cellular telephone using an automatic telephone dialing system.

51.     Upon information and good-faith belief, GC Services maintains business records that show all calls it placed to Plaintiff's work cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice.

52.     GC Services did not place any telephone calls to Plaintiff's work cellular telephone for emergency purposes.

53.     GC Services did not have Plaintiff's express consent to place telephone calls to his work cellular telephone using an automatic telephone dialing system.

54.      In the alternative, if GC Services did have Plaintiff's express consent to place telephone calls to his work cellular telephone using an automatic telephone dialing system, Plaintiff revoked that consent on September 28, 2012.

55.      Upon information and good faith belief, GC Services placed the telephone calls to Plaintiff's personal and work cellular telephones voluntarily.

56.     Upon information and good faith belief, GC Services placed the telephone calls to Plaintiff's personal and work cellular telephones under its own free will.

57.     Upon information and good faith belief, GC Services had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above to Plaintiff's personal and work cellular telephones.

58.     Upon information and good faith belief, GC Services intended to use an automatic telephone dialing system to place each of the calls identified above to Plaintiff's personal and work cellular telephones.

## CLASS ACTION ALLEGATIONS

59.     Plaintiff brings this action on behalf of himself and all other similarly situated.

60.     Specifically, Plaintiff seeks to represent three classes of individuals:

(1) All persons located in Massachusetts who, within one year before the date of filing the initial Class Action Complaint in this action, received a voice message from GC Services in connection with GC Services's efforts to collect a consumer debt, that is substantially similar or materially identical to the voice messages left for Plaintiff on September 20, 2012, September 21, 2012, September 22, 2012, September 24, 2012, September 25, 2012, September 26, 2012, October 2, 2012, and October 13, 2012, in that it fails to meaningfully disclose the identity of GC Services.

(2) All persons located in Massachusetts who, within one year before the date of filing the initial Class Action Complaint in this action, received a voice message from GC Services in connection with GC Services's efforts to collect a consumer debt, that is substantially similar or materially identical to the voice messages left for Plaintiff on September 20, 2012, September 21, 2012, September 22, 2012, September 24, 2012, September 25, 2012, September 26, 2012, October 2, 2012, and October 13, 2012, in that it fails to state in the message that it is a communication from a debt collector or an attempt to collect a debt and that any information obtained will be used for that purpose.

(3) All persons and entities located in the United States to whom GC Services made or caused to be made calls directed to a number assigned to a cellular telephone, by using an automatic telephone dialing system or an artificial or prerecorded voice, from four years prior to the filing of the initial Class Action Complaint in this action to the present.

61.     The proposed class specifically excludes the United States of America, the Commonwealth of Massachusetts, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the First Circuit and the Justices of the Supreme Court of the United States, all officers and agents

of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

62.     The class is averred to be so numerous that joinder of members is impracticable.

63.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

64.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

65.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692e(11), and 47 U.S.C. § 227(b)(1)(A)(iii); (c) Defendants' use of an automatic telephone dialing system and/or an artificial or prerecorded voice; (d) whether Defendants acted voluntarily, under their own free will, had knowledge that they were using an automatic telephone dialing system, and intended to use an automatic telephone dialing system; (e) the availability of statutory penalties; and (f) attorneys' fees and costs.

66.     Plaintiff's claims are typical of those of the class he seeks to represent.

67.     Plaintiff's claims and the class's claims originate from the same conduct, practice and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Thus, if brought and

prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

68.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

69.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to, or which directly and irrevocably conflicts with, the interests of other members of the class.

70.     Plaintiff is willing and prepared to serve this Court and proposed class.

71.     Plaintiff's interests are co-extensive with and not antagonistic to those of the absent class members.

72.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all class members.

73.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

74.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct and

varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, and would also create and allow the existence of inconsistent and incompatible rights within the class.

75.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

76.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

77.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Class Action Complaint, and individual consumers are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

78.     There will be no difficulty in the management of this action as a class action.

79.     Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

80.     Plaintiff repeats and re-alleges each and every factual allegation above.

81.     The FDCPA at 15 U.S.C. § 1692d forbids a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

82.     In particular, Section 1692d(6) of the FDCPA prohibits a debt collector from placing calls to a consumer "without meaningful disclosure of the caller's identity."

83.     "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call.

84.     Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls in which the caller did not meaningfully disclose his or her name and capacity and/or Defendants' true corporate or business name.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b)   Adjudging that Defendants violated 15 U.S.C. § 1692d(6);

c)   Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per class member or such amount as the Court may allow for class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of Defendants' net worth, as set forth in 15 U.S.C. § 1692k(a)(2)(B).

    d) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff, and other similarly situated, pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

85.    Plaintiff repeats and re-alleges each and every factual allegation above.

86.    The FDCPA at 15 U.S.C. § 1692e(11) prohibits a debt collector from failing to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

87.    Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector and that any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

    b) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

    c) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per class member or such amount as the Court may allow for class members,

without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of Defendants' net worth, as set forth in 15 U.S.C. § 1692k(a)(2)(B).

d) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff, and other similarly situated, pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

88.     Plaintiff repeats and re-alleges each and every factual allegation above.

89.     The TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls to cellular telephones, providing in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> *****
>
> (iii)   to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

90.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing calls to Plaintiff's cellular telephones using an automatic telephone dialing system.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

c) Enjoining Defendants from continuing their violative behavior with respect to Plaintiff and members of the class pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff, and others similarly situated, actual damages or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff, and others similarly situated, treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500 per violation, or three times actual damages, whichever is greater;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

91.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 22, 2013

Respectfully submitted,

JOSEPH DEBURGO

By his attorneys,

/s/ John F. Skinner
John F. Skinner (BBO # 676768)
Skinner Law PLLC
530 Chestnut Street, 3rd Floor
Manchester NH 03101
jskinner@attorneysforconsumers.com
Tel: 603.622.8100
Fax: 888.912.1497


*Co-counsel with* WEISBERG & MEYERS, LLC

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM