UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH DEBURGO, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GC SERVICES, LP, DLS ENTERPRISES, INC., and GC FINANCIAL CORP.,<br><br>    Defendants. | Civil Action No.<br>1:13-CV-10675-NMG |

**DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404 AND, IN THE FURTHER ALTERNATIVE, PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

Defendants GC Services LP, DLS Enterprises, Inc., and GC Financial Corp. hereby request the Court dismiss this action for improper venue or, in the alternative, transfer this case to the Southern District of Texas, Houston Division, under 28 U.S.C. § 1404. In the Further Alternative, and if the Court finds venue is proper, Defendants request the Court to dismiss Plaintiff's Count III for alleged violation of the Telephone Consumer Protection Act ("TCPA"). As set out fully in the Memorandum of Law in Support of Defendants' Motion to Dismiss for Improper Venue, Alternative Motion to Transfer Venue, and Partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, this motion should be granted for the following reasons:

1.  Plaintiff has failed to allege facts sufficient to demonstrate his burden that venue is proper in this District. To the contrary, "where the acts and transactions giving rise to Plaintiff's action occurred," "where Plaintiff resides," and "where Defendants transact business"

are improper bases upon which to assert venue. Even had Plaintiff utilized the appropriate venue standards, a substantial part of the events or omissions giving rise to Plaintiff's claims did not take place in this District. Accordingly, the Court should dismiss Plaintiff's action under Rule 12(b)(3) for improper venue.

2. In the alternative, and only if the Court finds venue to be properly laid in this District, the Court nevertheless should transfer this action under 28 U.S.C. § 1404 to the Southern District of Texas, Houston Division, for the convenience of the parties and witnesses. This action "might have been brought" in the Southern District of Texas, Houston Division, where the action would be more convenient due to the location of the witnesses, the Defendants, the Defendants' employees, the relevant documents, and where a substantial part of the events giving rise to Plaintiff's claims occurred.

3. In the further alternative, Plaintiff fails to state a claim under the TCPA upon which relief can be granted. Albeit an improper pleading effort, Plaintiff alleges in one clearly insufficient conclusory sentence that Defendants violated the TCPA "by willfully and knowingly placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system." [Doc. No. 1 ¶90]. When the Court disregards this lone, conclusory statement, as is appropriate under Supreme Court and First Circuit authority, *see e.g., Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011), it becomes clear that Plaintiff has wholly failed to allege sufficient *factual* allegations to state a cognizable claim for relief.

4. Defendants have, contemporaneous with this motion, filed a memorandum of law which is fully incorporated herein by reference under Federal Rule of Civil Procedure 10.

2

## **PRAYER**

5. Accordingly, and based upon the foregoing, Defendants pray the Court grant their motion and dismiss Plaintiff's case for improper venue or, in the alternative, transfer this case to the Southern District of Texas, Houston Division, for the convenience of the parties and witnesses and in the interest of justice. If the Court finds venue to be proper in this district, Defendants request the Court to dismiss Plaintiff's cause of action under the TCPA for failure to state a claim upon which relief can be granted, and award Defendants all other relief to which they are justly entitled.

Respectfully submitted,

GC SERVICES LP; DLS ENTERPRISES, INC.;
and GC FINANCIAL CORP.,

By their attorneys,

/s/ Gary M. Ronan
Gary M. Ronan (BBO #653899)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
phone: 617-574-3593
fax: 617-574-7813
gronan@goulstonstorrs.com


-and-

CHAMBERLAIN, HRDLICKA, WHITE
    WILLIAMS & AUGHTRY
William S. Helfand
*Request for Pro Hac Vice to be submitted*
Texas State Bar No. 09388250
Attorney-in-Charge
Kellen R. Scott
*Request for Pro Hac Vice to be submitted*
Texas State Bar No. 24070579
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 (Fax)

Dated:  May 23, 2013

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that lead counsel for the Defendants, Chamberlain, Hrdlicka, White, Williams & Aughtry LLP of Houston, Texas, conferred with counsel for the Plaintiff about this motion. Plaintiff is opposed to the relief Defendants request.

/s/ Gary M. Ronan

4

## CERTIFICATE OF SERVICE

    I hereby certify that on May 23, 2013, a true and accurate copy of this document was served on counsel of record for the parties in this case by ECF.

/s/ Gary M. Ronan

1280543_1

GSDOCS\2231404.1