UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOSEPH DEBURGO, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES, LP, DLS ENTERPRISES, INC., and GC FINANCIAL CORP., <br><br> Defendants. | Civil Action No. <br> 1:13-CV-10675-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, ALTERNATIVE MOTION TO TRANSFER VENUE, AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT <u>FOR FAILURE TO STATE A CLAIM</u>**

Defendants GC Services LP, DLS Enterprises, Inc., and GC Financial Corp. (the "Defendants") file this Memorandum of Law in Support of Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue under 28 U.S.C. § 1404 and, in the Further Alternative, Partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff filed this debt collection lawsuit asserting claims under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). Defendants GC Services LP, DLS Enterprises, Inc., and GC Financial Corp.[1] ask the Court to

---

[1] DLS Enterprises, Inc. and GC Financial Corp. are not proper party defendants. Plaintiff only named them due to their role as general partners of GC Services, LP. Plaintiff does not make any allegation whatsoever specific to any conduct taken by these two defendants and those defendants have no relationship to the conduct alleged. *Stars for Art Prod. FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 447 (D. Mass. 2011) ("Where there are multiple

dismiss Plaintiff's action because he filed this suit in an improper venue, because none of the events giving rise to Plaintiff's claims occurred in this district and, even if any did, a *substantial* part did not. Alternatively, and only if the Court finds venue to be proper, Defendants move the Court to transfer venue for the convenience of the parties and witnesses to the Southern District of Texas, Houston Division. Finally, if the Court does not dismiss or transfer the entire case on venue grounds, the Court still should dismiss Plaintiff's claim under the TCPA (Count III of the Complaint) because Plaintiff has not alleged nonconclusory facts supporting a claim for relief against Defendants that is plausible on its face. Instead, Plaintiff's allegation regarding his TCPA claim is based upon no more than impermissible conclusory allegations this Court should disregard, and it clearly fails to state a claim.

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts three causes of action against Defendant. The first two are for alleged violations of the FDCPA. Count III asserts a claim under the TCPA. Plaintiff asserts venue is proper in this matter under the general venue statute, 28 U.S.C. § 1391(b). [Doc. No. 1 ¶2]. However, Plaintiff then purports to substantiate his venue selection by reciting information that is neither related to the general venue statute, nor grounds for proper venue. For example, Plaintiff conclusorily alleges "the acts and transactions giving rise to Plaintiff's action occurred in this district." *Id.* Asserted on an "and/or" basis, Plaintiff also maintains venue is proper in this district because Plaintiff resides in the district and because, Plaintiff alleges, "Defendants transact business in this district." *Id.* **Tellingly, Plaintiff ultimately alleges no facts to satisfy his burden to show venue is proper in this district under § 1391(b).**

---

defendants, venue must be proper as to every defendant."). For this reason alone, the Court should dismiss Plaintiff").

In addition to showing why dismissal of this action is proper for improper venue, Defendants' motion under Federal Rule of Civil Procedure 12(b)(6) addresses Plaintiff's failure to state a claim for his third cause of action, alleging a violation of the TCPA. Plaintiff alleges, in a conclusory, and therefore legally inadequate, fashion, that Defendants violated the TCPA "by willfully and knowingly placing calls to Plaintiff's cellular telephones using an automatic telephone dialing system." [Doc. No. 1 ¶90]. Immediately preceding Plaintiff's conclusory statement, Plaintiff alleges one violates the TCPA by placing a call to a cellular telephone through use of an "automatic telephone dialing system or an artificial or prerecorded voice." [Doc. No. 1 ¶89]. By simply parroting the statute and conclusorily alleging Defendants violated the statute, Defendants have not set forth sufficient, nonconclusory factual allegations to state a plausible claim upon which relief can be granted. Accordingly, the Court should dismiss Plaintiff's cause of action under the TCPA.[2]

## MOTION TO DISMISS STANDARDS

**IMPROPER VENUE**

A defendant may move to dismiss an action against it for improper venue. FED. R. CIV. P. 12(b)(3). In this circuit, Plaintiff bears the burden to establish the chosen district is proper. *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086-87 (1st Cir. 1979). The general venue statute allows for civil actions to be filed in (i) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (ii) a judicial district in which a ***substantial part*** of the events or omissions giving rise to the claim occurred; or (iii) if there is no district in which an action may otherwise be brought as provided in this

---

[2] Notably, consistent with his obligations under FED. R. CIV. P. 11, Plaintiff could not allege the necessary facts to support this claim because no such facts exist. The Defendants did not in fact use an automatic telephone dialing system or an artificial or prerecorded voice. Thus, even allowing the Plaintiff an opportunity to replead Count III would be futile.

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391 (emphasis added).

In resolving a motion to dismiss for improper venue, courts may consider facts outside the complaint to determine if venue is proper. *Stars for Art Prod. FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 447-48 (D. Mass. 2011) (Tauro, J.). Importantly here, to determine whether a "substantial" part of the events occurred in a particular judicial district, courts look "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim," an approach which "takes a holistic view of the acts underlying a claim." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009). However, courts should look to the location of the *defendant's conduct*, not the plaintiff's. *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). "Actions taken by a plaintiff do not support venue." *Id.*

**FAILURE TO STATE A CLAIM**

As the Court is aware, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *accord Gianfrancesco v. Town of Wrentham*, 712 F.3d 634 (1st Cir. 2013). A complaint such as this one, resting on no more than "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" should not survive a motion to dismiss. *C.f., Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996). Put another way, in analyzing a plaintiff's complaint, a court need not "swallow the plaintiff's invective hook, line, and sinker." *Id.*

Rather, "[a] claim has facial plausibility [only] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

> Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not "*shown*"—"that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2) (internal citation omitted) (emphasis added). This plausibility requirement requires more than a sheer possibility a defendant acted unlawfully. *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011). Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986) (internal quotations omitted)). To be sure, a complaint must allege *enough facts* to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 1966.

Accordingly, as here, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955. A court is not required to accept mere legal conclusions as true. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). The Court should identify and disregard legal conclusions couched as fact. *Ocasio-Hernandez*, 640 F.3d at 12. Legal conclusions, instead, "must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1940. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id* "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.* at 1950.

**ARGUMENT AND AUTHORITIES**

I. **Plaintiff Filed Suit in an Improper Venue**

The Court should dismiss Plaintiff's Complaint for improper venue. Plaintiff alleges, without explanation, that venue is proper under § 1391(b) because (i) "the acts and transactions" giving rise to Plaintiff's claims allegedly occurred in this district, (ii) Plaintiff resides in the district, and (iii) Defendants transact business in the district. [Doc. No. 1 ¶3]. The Court can immediately eliminate Plaintiff's second and third purported bases for venue because neither is a permissible ground for fixing venue under the general venue statute. *See* 28 U.S.C. § 1391(b).

Instead, under the statute, venue is only proper here if the Court determines a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. *Id.* § 1391(b)(2). Plaintiff admits in his pleading that all Defendants do not reside in this district. [Doc. No. 1 ¶¶7, 11, 14]; *compare* 28 U.S.C. § 1391(b)(1). Likewise, Plaintiff does not argue that there is no other district in which this action may otherwise be brought as provided in Section 1391. 28 U.S.C. § 1391(b)(3).

Venue is not proper under 28 § 1391(b)(2) because a substantial part of the alleged events giving rise to Plaintiff's claims did not occur in this district. In fact, based upon Plaintiff's own admissions, there is no basis to find any defendant did anything at all, let alone *substantial*, in this district. Rather, all relevant and substantial events occurred outside this district, and a significant predominance of the substantial events occurred in the Southern District of Texas, Houston Division, where Defendant GC Services' principal place of business is located and where GC Services oversees the collection activities of which Plaintiff complains. Exhibit A, Van Nest Aff. ¶3.

In analyzing the propriety of venue under 28 § 1391(b)(2), courts in this circuit do not look to a single, "triggering event" but, rather, "the entire sequence of events underlying a

claim." *Astro–Med,* 591 F.3d at 12. Put another way, courts apply a holistic view when gauging whether a substantial part of the events giving rise to a claim took place in a particular district. *Id.*; *compare First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263–64 (6th Cir. 1998) (finding the district court misapplied the venue statute in basing its determination of improper venue "on a single occurrence which directly gave rise to the plaintiff's action").

Keeping in mind Plaintiff bears the burden of proving his venue choice is proper, Plaintiff alleges he has resided "at all relevant times" in Essex County, Massachusetts [Doc. No. 1 ¶4], but again, Plaintiff's residence is not the *sine qua non* of proper venue. Plaintiff correctly alleges all Defendants have their principal offices and maintain their principal places of business in Harris County, Houston, Texas. *Id.* ¶¶7, 11, 14. Plaintiff then alleges GC Services called Plaintiff's cellular telephone number on several occasions. *Id.* ¶¶26-34. Plaintiff does not allege he answered any telephone call from GC Services. *Id.* ¶¶27-34 ("GC Services . . . left the following voicemail message"). Again, where Plaintiff resides is neither relevant to a venue determination nor is it a substantial part of the events giving rise to his claims. Plaintiff certainly does not allege he received any voicemail message in this district. Even if he had, **Plaintiff's own conduct cannot fix venue**. *Bigham*, 123 F. Supp. 2d at 1048. If plaintiffs could unilaterally set venue in these types of cases simply by traveling to the venue of their choice and then listen to a voicemail message on their cellular telephone, plaintiffs would have an incentive to find the most desirable or advantageous venue in order to forum shop. Moreover, Plaintiff presents no facts even suggesting the voicemail itself, as opposed to simply his retrieval of it, was in this district.

Plaintiff's Counts I and II are causes of action under the FDCPA. Both claims involve allegations of improper debt collection practices. Plaintiff alleges "Defendants violated 15

U.S.C. § 1692d(6) **by *placing* telephone calls** in which **the caller did not** meaningfully disclose his or her name. . . ." [Doc. No. 1 ¶84] (emphasis added). In Count II, Plaintiff alleges "Defendants violated 15 U.S.C. § 1692e(11) **by failing to notify Plaintiff** during each collection contact that the. . . ." *Id.* ¶87 (emphasis added). Lastly, in Count III, Plaintiff complains about Defendants allegedly "**placing calls** to Plaintiff's cellular telephones **using an automatic telephone dialing system**." *Id.* ¶90 (emphasis added).

It is clear Plaintiff complains about GC Services' alleged conduct, all of which was performed somewhere outside this district, during debt collection efforts. Plaintiff's Complaint is wholly devoid of factual allegations of that complained-of conduct occurred in this district. In fact, it did not. When the Court focuses on Plaintiff's allegations emphasized above, none of the conduct took place in this district. GC Services did not "place telephone calls" from this district. GC Services does not have any employees in this district, Exhibit A, Van Nest Aff. ¶7, and there is no employee in this district who failed to do anything. Lastly, GC Services' telephone systems are not located in this district either. *Id.* ¶6.

Plaintiff reportedly has outstanding indebtedness for unpaid student loans owed to the United States Department of Education. *Id.* ¶5. None of the alleged telephone calls to Plaintiff originated from or were even answered in this district. *Id.* In fact, as discussed more fully below, GC Services has never placed a call to Plaintiff from this district. *Id.* ¶4. Instead, all the alleged calls about which Plaintiff complains – from September 2012 and October 2012 – assuming they occurred, necessarily commenced from GC Services' telephone switch portal, located in Houston, Harris County, Texas at GC Services' principal place of business. *Id.* ¶5.

Plaintiff erroneously and conclusorily alleges GC Services placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system. [Doc. No. 1 ¶90]. GC

8

Services did not place any calls to Plaintiff by using an automatic telephone dialing system. Exhibit A, Van Nest Aff. ¶6. Moreover, GC Services' telephone switch and call portal is located in Harris County, Houston, Texas. *Id.*

Because Plaintiff's three (3) "bases" for venue in this district are improper, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(3) and 28 U.S.C. § 1406 for improper venue. Where the plaintiff resides and where the defendant transacts business each are equally improper arguments to advance to support venue under the general venue statute. Finally, after undertaking a holistic view of Plaintiff's claims, a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this district. Accordingly, the Court should grant Defendants' motion and dismiss Plaintiff's Complaint.

## II.   In the Alternative, the Court Should Transfer Venue under 28 U.S.C. § 1404

Alternatively, the Court should transfer venue to the Southern District of Texas, Houston Division, for the convenience of the parties and witnesses and in the interest of justice. Even when a case is brought in a proper venue, a court may nonetheless transfer the case to any other proper venue for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S. Ct. 2239 (1988).

In exercising its discretion, the First Circuit Court of Appeals has held that the following factors should be considered: (1) the convenience of the parties and the witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the

district court obtained jurisdiction. *Coady,* 223 F.3d at 11; *Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir. 1987). The convenience of witnesses is the one most often weighed and is "[p]robably the most important factor." *Brant Point Corp. v. Poetzsch,* 671 F.Supp. 2, 3 (D.Mass.1987). The burden of proving that a transfer is warranted consequently rests with the defendant. *Berrigan v. Greyhound Lines, Inc.,* 560 F. Supp. 165, 169 (D. Mass. 1982), *aff'd*, 782 F.2d 295 (1st Cir. 1986).

The convenience factors weigh in favor of transferring the case to the Southern District of Texas. All three defendants have their principal places of business in Houston, Texas. Exhibit A, Van Nest Aff. ¶3. Defendants do not have any employees in this district. Exhibit A, Van Nest Aff. ¶7. All of Defendants' company representatives for purposes of testifying to GC Services' policies and practices are located in the Southern District of Texas. *Id.* Any witnesses necessary to testify about technical specifications of telephone calls placed through GC Services' phone switch are located in Houston. *Id.*

Information regarding how GC Services trains its employees, including any "written guidelines" or "standardized call patterns," [Doc. No. 1 ¶38], is located in the Southern District of Texas, not in this district. Exhibit A, Van Nest Aff. ¶8. Defendants strenuously object to Plaintiff's characterization that this matter is appropriate for class treatment. But even Plaintiff indicates he is relying on information contained in "business records maintained by Defendants." [Doc. No. 1 ¶64]. All of Defendants' business records are located in the Southern District of Texas. Exhibit A, Van Nest Aff. ¶8.

GC Services' computer systems and servers are located in the Southern District of Texas. *Id.* All consumer account notes reflecting activity on the account are located in the Southern District of Texas. *Id.* Audio recordings, if any, of telephone calls are located in Houston. *Id.*

Modern technology cannot replace "common sense" that, by not transferring this case to Texas, the Court would impose a greater burden on the parties to copy or transport documents and evidence they would not incur if the case proceeded in Texas. *Compare Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 289 (S.D.N.Y. 2004); *TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 412 (E.D. Tex. 1998).

Defendants do not own any property in this district. Exhibit A, Van Nest Aff. ¶9. Defendants do not possess any documents in this district. *Id.* Defendants do not have a business mailing address in this district to receive mailings or monetary remittances from Department of Education consumers, like the Plaintiff. *Id.* Defendants do not request alleged student loan debtors to send documents or payment anywhere in this district. *Id.* There are no known witnesses who are present in this district. *Id.*

Plaintiff certainly could have brought his action against Defendants in the Southern District of Texas, where Defendants reside and from where they conduct their business. 28 U.S.C. § 1391(b)(1), (2). In light of the overwhelming convenience interest of the parties and witnesses, and the location of all documents and information being situated in Texas, Defendants request the Court to transfer this action to the Southern District of Texas, Houston Division, for convenience and in the interest of justice.

III. **Plaintiff Fails to Allege Facts to State a Plausible Claim for Relief under the TCPA**

The Court should dismiss Plaintiff's claim alleged under the TCPA because Plaintiff has alleged nothing more than conclusory allegations. Notably, Plaintiff completely fails to assert any set of facts which would provide support for his claim under the TCPA. Instead, Plaintiff conclusorily alleges GC Services used an automatic telephone dialing system and/or an artificial or prerecorded voice, without any factual allegation to explain such a conclusion [Doc. No. 1 ¶¶50, 90]. Plaintiff does not allege any facts whatsoever plausibly suggesting Plaintiff's

conclusory allegation was indeed the case.[3] It is as if Plaintiff read the statute's prohibition and then, *without any factual basis to do so*, and certainly without explaining the basis of his conclusion, alleged that Defendants did what the statute prohibits. This is clearly insufficient to state a claim as a matter of law. *E.g.*, *Papasan*, 478 U.S. at 286, 106 S. Ct. 2932; *Aulson*, 83 F.3d at 3.

To survive Defendants' motion, Plaintiff's TCPA claim must be "plausible," meaning Plaintiff's factual allegations must permit the Court to draw a reasonable inference that explains *how* Plaintiff can allege the conclusion he states and that defendant is liable for the misconduct alleged, based upon those facts. *Air Sunshine, Inc.*, 568 F.3d at 268.

The *Iqbal* Court established a two-step approach for courts to employ when resolving a motion to dismiss under Rule 12(b)(6). *Iqbal*, 129 S. Ct. at 1949–50. Under the first step, courts should identify and disregard legal conclusions. *Id. Accord, Ocasio-Hernandez*, 640 F.3d 1, 12 (1st Cir. 2011). Naked, conclusory recitals of elements of a cause of action, supported by mere conclusory statements, such as Plaintiff sets out here fail to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Under *Iqbal*'s second step, courts "consider the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 129 S. Ct. at 1951.

To state a claim under the TCPA, Plaintiff must set out facts which allow him to plead that (i) the Defendants made the call, (ii) Plaintiff was charged for the call; and (iii) the call was made using an automatic telephone dialing system or an artificial or prerecorded voice. *Knutson v. ReplyA, Inc.*, 2011 WL 291076, at *1 (S.D. Cal. 2011). Plaintiff has not alleged any facts

---

[3] In fact, as the evidence will ultimately show, GC Services never used an automatic telephone dialing system to call the Plaintiff.

which would plausibly show he could support, with facts, any of those required elements. Thus, Plaintiff fails to state a claim under the two-step *Iqbal* analysis.

Moreover, Plaintiff's bald and conclusory allegations of the existence and GC Services' use of an automatic telephone dialing system are improper. The TCPA defines "automatic telephone dialing system" as equipment that has the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator, and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). The *Knutson* court dismissed a plaintiff's claim under the TCPA for failure to state a claim for precisely the same insufficient allegations present in this case. In *Knutson*, as here, the plaintiff's complaint lacked information to allow the court to infer the subject calls "were randomly generated or impersonal." *Knutson*, 2011 WL 291076, at *2. In *Kramer v. Autobytel, Inc.*, the District Court for the Northern District of California rejected what the Plaintiff attempts to do here, *i.e.* conclusorily allege calls were made using a random or sequential number generator. In rejecting an allegation similar to that which Plaintiff pleads here, the court there stated:

> As an isolated assertion, it is conclusory to allege that messages were sent "using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." **Such a naked assertion need not be taken as true.**

*Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (emphasis added).

There is nothing in Plaintiff's Complaint which would allow this Court to infer any calls to Plaintiff were randomly generated or impersonal. *See Knutson*, 2011 WL 291076, at *2. Plaintiff has failed to provide any factual information which would support his claim that he received telephone calls from an automated dialing system. Accordingly, the Court should dismiss Plaintiff's TCPA claim for failure to state a claim upon which relief can be granted.

*Compare Nicholas v. CMRE Fin. Servs., Inc.*, 2009 WL 1652275, at *4 (D.N.J. 2009) (requiring some supporting facts to state a TCPA claim).

## **CONCLUSION**

Plaintiff filed this suit in an improper venue because a substantial part of the events giving rise to his claims did not occur in this district. The Court should dismiss his action or, in the alternative, transfer the matter to the Southern District of Texas, Houston Division. Should the Court find venue is appropriate, Plaintiff's allegations do not state a claim for which relief can be granted under the TCPA. The Complaint contains no factual allegations supporting a plausible conclusion that any calls made to Plaintiff were randomly generated, impersonal, or from an automated dialer. Therefore, Defendants move the Court to dismiss Plaintiff's TCPA claim for failure to state a claim for which relief can be granted.

Respectfully submitted,

GC SERVICES LP; DLS ENTERPRISES, INC.; and GC FINANCIAL CORP.,

By their attorneys,

/s/ Gary M. Ronan
Gary M. Ronan (BBO #653899)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
phone: 617-574-3593
fax: 617-574-7813
gronan@goulstonstorrs.com

-and-

CHAMBERLAIN, HRDLICKA, WHITE
 WILLIAMS & AUGHTRY
William S. Helfand
*Request for Pro Hac Vice to be submitted*
Texas State Bar No. 09388250
Attorney-in-Charge
Kellen R. Scott
*Request for Pro Hac Vice to be submitted*
Texas State Bar No. 24070579
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 (Fax)

Dated: May 23, 2013

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, a true and accurate copy of this document was served on counsel of record for the parties in this case by ECF.

/s/ Gary M. Ronan

1280594_1