UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| JOSEPH DEBURGO, on behalf of himself ) | | |
| and others similarly situated, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. |
| ) | | 1:13-CV-10675-NMG |
| v. ) | | |
| ) | | |
| GC SERVICES LIMITED PARTNERSHIP ) | | |
| DLS ENTERPRISES, INC., ) | | |
| and GC FINANCIAL CORP., ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## DECLARATION OF JOSEPH M. VAN NEST

1.  My name is Joseph M. Van Nest. I declare under penalty of perjury that the following is true and correct. I am over the age of 21 years, I have not been convicted of a felony involving moral turpitude, and I am authorized, qualified, and competent to make the statements contained within the Declaration. I am of sound mind, capable of making this statement and have personal knowledge of all the facts stated herein because they relate to events or occurrences in which I personally participated or which I have personally observed, and are true and correct. I have also participated in gathering the information outlined below.

2.  I am General Counsel for GC Services Limited Partnership ("GC Services") and am authorized to speak on GC Services' behalf on the matters addressed herein.

3.  GC Services and its two general partners, DLS Enterprises, Inc. and GC Financial Corp. (collectively, "Defendants"), are all located in Harris County, Houston, Texas. Defendants' principal offices and places of business are located in Houston, Texas. Generally, GC Services assists certain creditors in their efforts to obtain payment or repayment of monies owed to them. GC Services oversees all of its collection activities of which Plaintiff complains from its headquarters in Houston.

4.  I have read Plaintiff's Class Action Complaint in the above-referenced matter and am familiar with Mr. Deburgo's allegations. GC Services did not "place telephone calls" from Massachusetts or this district. Similarly, GC Services' telephone systems are not located in this district.

5.  Mr. Deburgo reportedly has outstanding indebtedness for unpaid student loans he owes to the United States Department of Education, one of GC Services' clients. None of the

EXHIBIT A

telephone calls Mr. Deburgo claims GC Services made to him originated from, or were even answered in, the Commonwealth of Massachusetts. In fact, GC Services has never placed a call to Mr. Deburgo from this district. Instead, all the alleged calls about which Plaintiff complains – those supposedly made in September 2012 and October 2012 – assuming they occurred, necessarily commenced from GC Services' telephone switch portal, which is located in Harris County, Houston, Texas at GC Services' principal place of business.

6.      I am aware Mr. Deburgo claims GC Services placed calls to him using an automatic telephone dialing system. However, GC Services did not place any calls to Mr. Deburgo by using an automatic telephone dialing system. Moreover, GC Services' telephone switch and call portal is located in Harris County, Houston, Texas.

7.      None of the Defendants has any employees in this district. All of Defendants' company representatives for purposes of testifying to GC Services' policies and practices, including myself, are located in Houston, Texas. Any witnesses necessary to testify about technical specifications of telephone calls placed through GC Services' phone switch are located in Houston as well.

8.      In his Complaint, Mr. Deburgo refers to information regarding how GC Services trains its employees, including "written guidelines" or "standardized call patterns." Any such information is located in Houston, Texas, not in Massachusetts. All of Defendants' business records are stored and located in the Southern District of Texas. GC Services' computer systems and servers are located in Houston. All consumer account notes reflecting activity on the account are located in Houston. Audio recordings, if any, of telephone calls are located in Houston too.

9.      Defendants do not own any personal or real property in Massachusetts. Defendants do not possess any documents in this district. Defendants do not have a business mailing address in this district to receive mailings or monetary remittances from Department of Education consumers, like Mr. Deburgo. Defendants do not request alleged student loan debtors to send documents or payments anywhere in this district. Similarly, there are no known witnesses who are present in this district.

10.     Transferring this matter to the Southern District of Texas, Houston Division, would be more convenient for the parties and witnesses, particularly in light of the lack of information, documents, and witnesses located in Massachusetts.

11.     I declare under penalty of perjury that all of the foregoing is within my personal knowledge and that it is true and correct.

Signed this the 23rd day of May 2013.


                        /s/ Joseph M. Van Nest
                        Joseph M. Van Nest